WIGGINTON, Judge.
Defendant has appealed an adverse final judgment rendered by the Circuit Court of Escambia County which tried the case without a jury.
The sole question presented by this appeal involves an interpretation of a lease contract entered into between appellee-landlord and appellant-tenant. Before the lease was formalized for execution a discussion arose between the parties as to whether appellant, who intended to operate a discount department store in the shopping center owned by the landlord, would be permitted to dispense prescription drugs as a part of its overall operation. It is apparent from an examination of the record that appellant desired the lease to be so drafted as to permit it to operate such a prescription drug department if in the future it elected to do so. It is equally clear that appellee-landlord did not want the lease to be so drafted as to grant such right to appellant which would preclude the landlord from entering into a lease with some other tenant granting it the exclusive right to operate a drug store whose principal business would be the dispensing of prescription drugs.
The parties argued back and forth between themselves in an attempt to agree on language that would permit each party to enjoy the rights it wished to preserve to itself, which effort proved futile. In order not to permit this dispute to prevent consummation of the lease, neither of the parties insisted upon including in the contract a provision which in clear and unmistakable language would have preserved their position on this issue. Instead, the parties agreed on the provision which forms the crux of this action, the meaning of which is so ambiguous and uncertain that the parties are in violent disagreement as to its meaning and intent. After agreeing upon such provision, the lease was formalized and executed by the parties. By their actions both the landlord and the tenant entered into a lease contract with a built-in lawsuit which was bound to result in litigation when their conflicting interests reached the point of collision. They were evidently content to rely on the courts to do for them that which they failed or refused to do for themselves. The inevitable occurred, and this litigation resulted.
Appellant’s quarrel with the trial court’s findings as to the intent of the parties concerns itself primarily with the weight and credibility of conflicting testimony which were resolved by the court adverse to its position. The interpretation placed by the court upon the pertinent provisions of the lease contract dealing with the subject under consideration appears to us to be equally as reasonable, logical, and in conformity with established principles of law as does the interpretation which appellant urges as grounds for reversal. Appellant having failed to demonstrate the correct *283 ness of its position or an error of law committed by the trial court, the judgment appealed is affirmed.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.